No. 541 June 10, 2026 573

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM JAYHUGH FRIEND,
*Defendant-Appellant.*

Lane County Circuit Court
23CR51409; A185042

Kamala H. Shugar, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for second-degree robbery and coercion. He contends that the trial court erred in denying his motions for judgment of acquittal on those charges. Because the record contained sufficient evidence to deny his motions, we affirm.

A person commits second-degree robbery, as charged here, when a person "uses or threatens the immediate use of physical force" on another person to commit a theft while "being aided by another person actually present." ORS 164.395; ORS 164.405. A person commits coercion, as charged here, when they compel or induce someone to engage in or abstain from conduct that they had a legal right to engage in or abstain from by means of instilling in that person a fear that if they refrained from the conduct or engaged in the conduct, the defendant would engage in conduct constituting a crime and unlawfully cause physical injury to some person. ORS 163.275. Defendant contends that the evidence was legally insufficient: (1) to prove that he was the one who acted in concert with another person to rob and coerce the victim or, alternatively, (2) to prove that he committed robbery while being aided by another person actually present.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id.*

Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the factfinder. The evidence showed that defendant and his brother, Nick, were involved in an altercation at an apartment complex where their sister lived. After that altercation, defendant

and Nick left, but defendant returned later that evening without his brother, and a second altercation ensued. The victim, who was cleaning an apartment at the apartment complex, heard the second altercation and waited inside until it was over. After the second altercation, Nick, who was seen wearing a tank top and carrying a gun in his waistband, went to meet defendant at the apartment complex.

The victim finished cleaning and was driving out of a parking lot when a car pulled in front of her and two men got out. One of the men ordered the victim to get out of her car and then slammed her into the pavement, threatening to shoot her if she moved. That person brandished a gun and was wearing a tank top. The other man threatened to kick her in the face if she moved. That same man asked for her cell phone and then ordered her to get behind her car and not move. The men drove off and the victim discovered that her phone and car keys were missing.

The victim's cell phone traveled from the scene of the robbery to Nick's address, arriving there at the same time that defendant and Nick returned to Nick's house. The phone then traveled to an overgrown area near a market; it was not recovered. Defendant's browsing history in the hours following the robbery showed that he researched law enforcement activity and emergency medical calls. Defendant and his sister, who lived at the apartment complex, exchanged texts in which defendant said to her "[you] don't [know] who we are" and "[s]hhh *** [n]o more talking." Defendant admitted to being with Nick when the robbery occurred and talking to the victim when she was on the ground, but he stated that he never touched her and did not take her phone.[1]

The evidence described above is sufficient to allow a rational trier of fact to find that defendant was the man (without the gun) who robbed and coerced her and that Nick intended to promote or aid in defendant's robbery of the victim's phone.

The trial court correctly denied defendant's MJOA.

Affirmed.

---

[1] At trial, the state's theory was that Nick was the person who threatened to shoot the victim and defendant was the one who threatened to kick her.